JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SPA DE SOLEIL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANISH NAGPAL, an individual; CLOUD WELLNESS PRIVATE LIMITED, an Indian limited liability company,<br><br>Defendants. | Case No. 8:26-cv-00126-FWS-ADS<br><br>**JUDGMENT** |

//

//

//

//

//

//

//

On November 20, 2026, the court granted Plaintiff Spa De Soleil's motion for default judgment against Defendant Anish Nagpal and Defendant Cloud Wellness (together, "Defendants") (Dkt. 33). Accordingly, having considered all the pleadings and papers filed in this case, the evidence on record and argument of counsel, and the applicable law, and for the good cause appearing therein, **IT IS HEREBY ORDERED, ADJUGED, AND DECREED THAT**:

1. Judgement is entered in favor of Plaintiff;
2. Defendants have willfully infringed Plaintiff's U.S. Trademark Registration No. 4,855,793, and that the trademark is valid, enforceable, exclusively owned by Plaintiff and has inherent meaning and has acquired secondary meaning;
3. Defendants are immediately enjoined and restrained from:
    a. Marketing, advertising, acquiring, transporting, distributing, offering to sell or selling counterfeit products bearing any of Plaintiff's trademarks, including but not limited to sales via the website, https://dermatouch.com, or any other website operated by, controlled by, or affiliated with Defendants (including without limitation eBay.com, Amazon.com, or any similar third party);
    b. Using the DERMATOUCH mark or any of Plaintiff's trademarks;
    c. Committing any acts which may cause purchasers to believe that Defendants or their products are sponsored or authorized by, or are in any way associated with Plaintiff;
    d. Making, or causing to be made any application, for any mark similar to the DERMATOUCH mark; and
    e. Soliciting, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.
4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing

paragraphs also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

5. Plaintiff shall recover from Defendants, jointly or severally, the principal sum of $750,000 for statutory damages for trademark infringement and counterfeiting pursuant to 15 U.S.C. §1117(c).

6. Plaintiff shall recover from Defendants, jointly or severally, the principal sum of $38,147.50 for reasonable attorneys' fees and $4,045.19 in recoverable costs.

**IT IS SO ORDERED**.

Dated: November 20, 2026

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE